IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAWRENCE LA SPINA                                                                    PETITIONER

VERSUS                                                  CIVIL ACTION NO. 5:05cv186DCB-JCS

UNITED STATES OF AMERICA,
ALBERTO GONZALES, Attorney General;
and HARLEY LAPPIN, Director of Federal
Bureua of Prisons                                                                     RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. The petitioner originally filed this request for habeas relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. By order dated September 1, 2005, this civil action was transferred from the District Court for the District of Columbia to this district court.

Petitioner Lawrence La Spina is an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi.[1] In the instant habeas petition, the petitioner is requesting as relief:

(a) dismissal and nullification of indictments in the United States District Court for the Southern District of New York, criminal case numbers 99-cr-339 and 01-cr-904;

(b) reversal of conviction and nullification of judgment in criminal case numbers 99-cr-339 and 01-cr-904;

(c) immediate release;

(d) expeditious review of the instant habeas petition; and

(e) any other relief the court deems proper. (Petition pp. 30-31 [Attachment #1]).

---

[1] The petitioner is presently incarcerated in the FCI-Yazoo City which is located in the Southern District of Mississippi. Therefore, this court has jurisdiction to review the petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241. "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001)(citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999).

Background

The petitioner was convicted in the United States District Court for the Southern District of New York in criminal case number 99cr339 and was sentenced to 78 months of incarceration. He was also convicted in the United States District Court for the Southern District of New York in criminal case number 01cr904 and was sentenced to an additional four months of incarceration.[2]

The petitioner argues that the criminal proceedings were conducted in "total absence of all jurisdiction." (Petition p.11 [Attachment #1]). Thus, the petitioner asserts that the United States District Court for the Southern District of New York did not have subject matter jurisdiction to convict him. He bases his argument on the following:

> (1) there was no lawful indictment returned by the grand jury pursuant to the Fifth Amendment;
>
> (2) there was no lawful "Trial by Jury" held pursuant to the Sixth Amendment and Article III of the Constitution;
>
> (3) the petitioner is being unlawfully punished pursuant to a Bill of Pains and Penalties (Bill of Attainder), expressly prohibited by the Constitution at Article I, Section 9, Clause 3;
>
> (4) there was no proper grand jury indictment;
>
> (5) there was violations of petitioner's Fourteenth Amendment rights;
>
> (6) there was a violation of due process of the Fifth and Sixth Amendments to the Constitution;

---

[2] According to an attachment to the petition, petitioner appealed his criminal conviction in case number 99cr339. The appeal was subsequently affirmed. Petitioner then filed with the trial court a motion to vacate pursuant to 28 U.S.C. § 2255 in 99cr339 and it was denied. There is no indication that the petitioner appealed his conviction in case number 01cr904 or filed a motion to vacate.

>    (7) there was a total absence of all jurisdiction throughout each
>    proceeding.  (Petition p.31 [Attachment #1]).

Therefore, the petitioner concludes that he has been unlawfully incarcerated.

Previous habeas petitions

The petitioner has previously filed in this court three separate petitions for habeas relief pursuant to 28 U.S.C. § 2241, civil action numbers 5:03cv500RGu, 5:04cv267BrSu and 5:05cv183DCB-JCS.  The previously filed petitions challenged the same convictions as presented in the instant civil action.  In civil action number 5:03cv500RGu, the petitioner presented the following as grounds for relief:

>    (1) the indictment was fatally defective for both of his convictions because it referred to the petitioner's proper name as "LAWRENCE LA SPINA" which the petitioner argues is a legal non-entity and does not have the representative capacity for the real person, "Lawrence La Spina;
>
>    (2) that he had a "JURY TRIAL" instead of a trial by jury;
>
>    (3) that the Federal Rules of Criminal Procedure 42 was violated because the petitioner's indictment never referred to "contempts constituting crimes;"
>
>    (4) that the indictment for criminal case number 99-CR-339 was not returned within the one year statue of limitations;
>
>    (5) that the petitioner's 14th Amendment rights were violated; and
>
>    (6) because the petitioner was indicted five months prior to the amendment, the governing FEDERAL RULES OF CRIMINAL PROCEDURE 6(f) requires that the entire grand jury must appear in open court to return the indictment.

This court dismissed that petition on March 19, 2004, and the United States Court of Appeals for the Fifth Circuit in appeal number 04-60232 affirmed this court's dismissal and issued a sanction warning to the petitioner on August 30, 2004.

As for civil action number 5:04cv267BrSu, the petitioner presented the following grounds:

(1) There was no personal and subject matter jurisdiction;

(2) No Bill of Attainder pursuant to Article I.

(3) No Trial by Jury for all crimes pursuant to Article III.

(4) No proper Grand Jury and petitioner was deprived of his liberty without due process of law pursuant to the Fifth Amendment of the Constitution.

(5) No Trial by Jury pursuant to the Sixth Amendment as described in the Northwest Ordinance. The petitioner was not informed of the true nature of and cause of the accusation or the true nature of the alleged accusation itself.

(6) Cruel and unusual punishment is being imposed in violation of the Eighth Amendment of the Constitution.

(7) Petitioner's Ninth Amendment rights to presumed innocence were violated.

(8) Petitioner's Fourteenth Amendment immunities were ignored.

This court dismissed civil action number 5:04cv267BrSu on November 19, 2004. The petitioner did not file a notice of appeal in this court.

In civil action number 5:05cv183DCB-JCS, the petitioner presented the following grounds:

(1) there was no lawful indictment returned by the grand jury pursuant to the Fifth Amendment;

(2) there was no lawful "Trial by Jury" held pursuant to the Sixth Amendment and Article III of the Constitution; and

(3) the petitioner is being unlawfully punished pursuant to a Bill of Pains

This court dismissed that petition on November 22, 2005.

4

Analysis[3]

Upon review of each of the documents filed in the instant civil action, this court makes the following findings and comes to the following conclusions. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). Under the allegations, this court finds that the petitioner is not challenging the execution of his sentence or the calculation of his sentence, but instead he is challenging the validity of the conviction itself.

The proper means of attacking errors that occurred during or before sentencing is to file a motion to vacate pursuant to 28 U.S.C. § 2255. Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Notwithstanding the petitioner's argument that this is a § 2241 petition and should not be construed as a § 2255 motion vacate, because the petitioner's grounds for habeas relief concern the actual validity of his conviction, this petition is the proper subject for a § 2255 motion to be pursued in the United States District Court for the Southern District of New York where the petitioner was convicted.

However, a petition for habeas relief pursuant to "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause'." Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).[4] The petitioner is required to establish that the § 2255 remedy is inadequate or

---

[3] Even though this court's analysis of the petitioner's grounds for habeas relief pursuant to 28 U.S.C. § 2241 remains the same as previously discussed in civil actions number 5:03cv500RGu, 5:04cv267BrSu and 5:05cv183DCB-JCS, this court will once again address the petitioner's § 2241 petition.

[4] The United States Court of Appeals for the Fifth Circuit has held that the "savings clause" of 28 U.S.C. § 2255 does not violate the Suspension Clause. Reyes-Requena v. United States, 243

5

ineffective. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). In the instant civil action, the petitioner argues that a § 2255 is both ineffective and inadequate. (Petition [Attachment #1] and Amendment [docket #14]).

Having considered the petitioner's arguments, this court finds that they are without merit. As an initial matter, a "prior, unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); see also Triestman v. United States, 24 F.3d 361, 376 (2d Cir. 1997)(noting that § 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective). Moreover, the United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903. Once again, this court finds that the petitioner does not meet the first prong of the test. Clearly, the petitioner has not presented a decision of the United States Supreme Court which has been retroactively applied establishing that he was convicted of

---

F.3d 893, 901 n.19 (5th Cir. 2001).

a nonexistent crime. Consequently, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test.

## Conclusion

The petitioner cannot proceed with this petition for habeas corpus relief attacking his conviction based on alleged errors of the convicting and sentencing court. The proper forum to present these claims is by filing a § 2255 motion to vacate, set aside, or correct his sentence. Moreover, this court finds that the petitioner has failed to establish the inadequacy or ineffectiveness of a § 2255 motion. Therefore, this petition filed pursuant to § 2241 is dismissed as frivolous and to the extent that the petition can be construed as a § 2255 motion it is dismissed for this court's lack of jurisdiction with prejudice. See Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997).

## Sanctions warning issued

This court finds that this petition is asserting the same claims previously challenged in this court which could be found to be an abuse of the writ. See Davis v. Fetchel, 150 F.3d 486 (5th Cir. 1998). Therefore, this court is issuing the petitioner a warning. The petitioner Lawrence La Spina is hereby warned that any future attempts of a similar nature may result in this court dismissing his petition filed pursuant to 28 U.S.C. § 2241 as an abuse of the writ process.

SO ORDERED this the   5th   day of       January      , 2006.

           s/David Bramlette           

7

UNITED STATES DISTRICT JUDGE